

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Marvin H. Brown, Jr.
Criminal District Attorney
Fort Worth, Texas

Dear Sir:

Opinion No. 0-2715
Re: Whether renewal deed of
trust given by Magnolia
Avenue Christian Church
is subject to the tax
levied by Article 7047e,
Vernon's Civil Statutes.

In your letter of September 5, 1940, you submit
to us the following facts:

In 1930 the Magnolia Avenue Christian Church bor-
rowed $60,000 from a mortgage company located in Dallas.
At the present time the loan has been reduced to $50,000,
and the church desires to extend and renew this indebted-
ness by the execution of a renewal note and deed of trust.
You request our opinion as to whether or not such renewal
deed of trust will have to bear the stamps as provided in
Article 7047e, Vernon's Civil Statutes in order to be en-
titled to record.

Section (a) of said Article 7047e reads as follows:

"Except as herein otherwise provided there
is hereby levied and assessed a tax of Ten (10¢)
Cents on each One Hundred ($100.00) Dollars or
fraction thereof, over the first Two Hundred
($200.00) Dollars, on all notes and obligations
secured by chattel mortgage, deed of trust, me-
chanic's lien contract, vendor's lien, condition-
al sales contract and all instruments of a similar

Honorable Marvin H. Brown, Jr., Page 2

nature which are filed or recorded in the office of the County Clerk under the Registration Laws of this State; provided that no tax shall be levied on instruments securing an amount of Two Hundred ($200.00) Dollars, or less. After the effective date of this Act, except as hereinafter provided, no such instrument shall be filed or recorded by any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this section; providing further that should the instrument filed in the office of the County Clerk be security of an obligation that has property pledged as security in a State or States other than Texas, the tax shall be based upon the reasonable cash value of all property pledged in Texas in the proportion that said property in Texas bears to the total value of the property securing the obligation; and, providing further that, except as to renewals or extensions of accrued interest, the provisions of this section shall not apply to instruments given in renewal or extensions of instruments theretofore stamped under the provisions of this Act or the one amended hereby, and shall not apply to instruments given in the refunding of existing bonds or obligations where the preceding instrument of security was stamped in accordance with this Act or the one amended hereby; provided further that the tax levied in this Act shall apply to only one instrument, the one of the greatest denomination, where several instruments are contemporaneously executed to secure one obligation; and provided further that when once stamped as provided herein, an instrument may be recorded in any number of counties in this State without again being so stamped. This section shall not apply to instruments, notes, or other obligations taken by or on behalf of the United States or of the State of Texas, or any corporate agency or instrumentality of the United States, or of the State of Texas in carrying out a governmental purpose as expressed in any Act of the Congress of the United States or of the Legislature of the State of Texas, nor shall the provisions of this section apply to obligations or instruments secured by liens on crops and farm

494

or agricultural products, or to livestock or farm implements, or an abstract of judgment.

"If the amount secured by an instrument is not expressed therein, or if any part of the security desc ibed in any such instrument appears to be located without the State of Texas, the County Clerk shall require proof by written affidavits of such facts as may be necessary to determine the amount of the tax due."

The first Texas statute levying such a tax became effective on October 30, 1936, and the above quoted Article 7047e is an amendment to and supersedes said original Act. We assume that the deed of trust given by the Magnolia Avenue Christian Church in 1930 was recorded promptly and consequently has never been stamped under the provisions of the Statute. You will note that the Act provides that except as provided therein, no such instrument shall be filed without being stamped in accordance with the provisions of the Act. Exceptions are made as to renewals of instruments theretofore stamped under the provisions of the Act or the one amended thereby. However, no exception is made as to renewals or extensions of instruments which had been recorded without being stamped.

In our opinion No. 0-1052, we expressed the view that a deed of trust given in renewal of another which had been executed and filed prior to the effective date of the original Act was required to be stamped. The Act also contains certain other exceptions, including obligations or instruments secured by liens on crops and farm or agricultural products, livestock and farm implements and abstracts of judgment. Since instruments of the kind which you mention are not found among the exceptions, they are expressly required to be stamped, and your question is therefore answered in the affirmative; that is, the renewal deed of trust in question must be stamped in order to be recorded.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

APPROVED SEP 12, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF

GRL:ew

